IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ERNEST LOUIS STOLTZ** § | | **PLAINTIFF** |
| § | | |
| v. § | | **CIVIL NO.: 1:14cv244-HSO-RHW** |
| § | | |
| **RIVER OAKS MANAGEMENT, INC.,** § | | **DEFENDANTS** |
| **TJWIII, LLC, and T. JERARD WARD** § | | |
| **GENERAL CONTRACTORSM INC.,** § | | |
| **ABC, INC., JASON S. WARD and** § | | |
| **THOMAS JERARD WARD** § | | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

BEFORE THE COURT is Plaintiff Ernest Louis Stoltz's Motion to Remand [5] filed on June 25, 2014.  Defendants River Oaks Management, Inc., TJWIII, LLC, T. Jerard Ward General Contractors, Inc., Jason S. Ward, and Thomas Jerard Ward filed their Response [10] on July 21, 2014.  Plaintiff did not file a rebuttal.  Having considered the parties' submissions, the record, and relevant legal authorities, the Court concludes that Plaintiff's Motion should be denied.

I. BACKGROUND

Plaintiff Ernest Louis Stoltz ("Plaintiff") filed this lawsuit in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on April 29, 2014, alleging that he was paralyzed after suffering severe injuries while attempting to repair an air conditioning unit at Madison Apartments in Biloxi, Mississippi, which is owned by Defendant TJWIII, LLC, and managed by Plaintiff's employer, Defendant River Oaks Management, Inc. ("River Oaks").  Compl. 2-3 [1-2].  Defendants River Oaks, TJWIII, LLC, T. Jerard Ward General Contractors, Inc.

1

("TJWGC, Inc."), Jason S. Ward, and Thomas Jerard Ward (collectively "Defendants") removed the case to this Court on June 12, 2014, on the basis of diversity jurisdiction. Notice of Removal 2 [1]. Plaintiff now seeks remand arguing that all Defendants did not consent to removal and that diversity of citizenship does not exist between Plaintiff and TJWIII, LLC, and TJWGC, Inc. Mem. in Supp. of Mot. to Remand 2-6 [6].

## II. DISCUSSION

A. Legal Standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the federal district courts have original jurisdiction. The parties seeking removal bear the burden of establishing federal jurisdiction and showing that removal is procedurally proper. *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir. 2005). When a civil action is removed on the basis of diversity jurisdiction, the matter in controversy must exceed the sum of $75,000.00 and be between citizens of different states. 28 U.S.C. § 1332(a)(1) (2012). "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

B. Analysis

In their Notice of Removal [1], Defendants allege that they are each citizens of the State of Louisiana and that Plaintiff is a citizen of the State of Mississippi.

Defendants also assert that Plaintiff seeks damages in excess of $75,000.00.  Notice of Removal 3 [1].  Plaintiff does not dispute that the amount in controversy is satisfied, that he is a citizen of the State of Mississippi, or that River Oaks, Jason S. Ward, or Thomas Jerard Ward are citizens of the State of Louisiana.  Mem. in Supp. of Mot. to Remand 1-6 [6].  Plaintiff instead claims that River Oaks did not consent to removal because, one day after the Notice of Removal was filed, a second attorney unrelated to the law firm which filed the Notice of Removal on behalf of all Defendants sought leave on River Oaks' behalf for additional time to respond to the Complaint in the Circuit Court of Harrison County.[1]  *Id*. at 2.  Plaintiff also contends that TJWGC, Inc., and TJWIII, LLC, may be considered citizens of the State of Mississippi, thereby destroying diversity of citizenship. *Id*. at 2-6.

    1.    The Removal was Unanimous

To the extent that Plaintiff seeks remand based on the absence of consent to removal by River Oaks, Plaintiff's argument cannot succeed.  All Defendants are not required to sign the Notice of Removal, but there must be some "timely filed written indication . . . from some person or entity purporting to formally act on [each Defendants'] behalf in this respect and to have authority to do so, that [each Defendant] has actually consented" to removal.  *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).  Plaintiff argues that the "attorneys representing River Oaks" did not each join in the removal and that River Oaks has filed "inconsistent pleadings."  Mot. to Remand 2 [5]; Mem. in Supp. of Mot. to Remand 2 [6].

---

[1] This second attorney withdrew from the case on July 2, 2014.  Order July 2, 2014.

The Notice of Removal, however, was signed by the attorney who represents each Defendant and makes plain that each Defendant consents to the removal. *See, e.g.*, *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) (reasoning remand would not be appropriate where single counsel representing both defendants undisputedly had authority to remove on their behalf notwithstanding the fact that both defendants did not actually sign the notice of removal or a separate consent form) (citing *Getty*, 841 F.2d at 1262 n.11); *Phillips v. Offshore Logistics*, 785 F. Supp. 1241, 1242 n.1 (S.D. Tex. 1992) (rejecting argument that case should be remanded because all the defendants did not properly join in the removal where the notice of removal stated that all defendants joined and was signed by counsel for all defendants). The fact that another attorney subsequently sought additional time to respond to the Complaint in state court does not create "inconsistent pleadings" because upon removal, the state court was to "proceed no further" and was without jurisdiction. *See* 28 U.S.C. 1446(d) (2012); *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) ("Upon the filing of a proper petition for removal and upon compliance with the applicable statutes, the state court loses jurisdiction . . . ."). Plaintiff's Motion [5] should be denied to the extent it seeks remand based on a purported lack of consent to removal by River Oaks.

    2.    <u>TJWGC, Inc., is a Citizen of the State of Louisiana</u>

A corporation is a citizen of the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1) (2012). By reason of its incorporation, TJWGC, Inc., is a citizen of the State of Louisiana. Aff. of Jason

Ward ¶ 5 [10-1]. The Court must now determine if there is sufficient proof that TJWGC, Inc.'s principal place of business is located outside the State of Mississippi.

The "'principal place of business' is . . . the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Referred to as a corporation's "nerve center," the principal place of business "should normally be the place where the corporation maintains its headquarters . . . ." *Id*. at 93. Under this test, the Supreme Court recognized that there would be "counterintuitive cases" in which "the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York" thus making New York the principal place of business. *Id*. at 96. The Supreme Court cautioned, however, that the fact that a corporation has labeled a particular location as its "headquarters" is not conclusive. *Id*. at 96-97. The dispositive factor is whether there is "competent proof" that what takes place at those headquarters amounts to "the center of overall direction, control, and coordination" for the corporation. *Id*.

TJWGC, Inc., has submitted evidence in the form of an Affidavit indicating that its principal place of business is located in Gretna, Louisiana. *Coury*, 85 F.3d at 249 (noting courts may considered affidavits in making their jurisdictional determinations) (citations omitted). According to Jason Ward, an officer of TJWGC, Inc., TJWGC, Inc.'s officers are citizens of Louisiana and "direct, control, and coordinate [TJWGC, Inc.'s] activities from 139 Enterprise Drive in Gretna, Louisiana." Aff. of Jason Ward ¶¶ 10-11 [10-1]. TJWGC, Inc.'s Gretna, Louisiana,

5

headquarters is the location where "major business policy decisions . . . and the corporate brain [are] located[,]" where day-to-day control takes place, where its officers and stockholders meet, and where "the accounts receivable department and . . . finance decisions originate . . . ." *Id.* at ¶ 15.  This evidence makes clear that TJWGC, Inc.'s Gretna, Louisiana, office is the location of "the center of overall direction, control, and coordination" for TJWGC, Inc.  *Hertz*, 559 U.S. at 96-97.  To the extent Plaintiff seeks remand on the basis that TJWGC, Inc.'s citizenship is not diverse from that of Plaintiff, the Motion [5] should be denied.

      3.     <u>TJWIII, LLC, is a Citizen of the State of Louisiana</u>

In responding to Plaintiff's Motion [5], Defendants have sufficiently clarified that TJWIII, LLC's citizenship is diverse from that of Plaintiff.  Because TJWIII, LLC, is a limited liability company, its citizenship "is determined by the citizenship of all of its members."  *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014).  Defendants submitted an affidavit with the Notice of Removal which stated that "[a]ll members of TJWIII, LLC[,] are Louisiana residents."  Aff. of Jason Ward ¶ 3 [1-3].

The Court need not determine whether this cursory statement was sufficient to establish TJWIII, LLC's citizenship because Defendants have submitted sufficient evidence clarifying that each of TJWIII, LLC's members are citizens of the State of Louisiana.  *See, e.g.*, *Ashley Transp., Inc. v. Caterpillar, Inc.*, No. 3:11cv469-TSL-MTP, 2011 WL 3876964, at *2 (S.D. Miss. Sept. 1, 2011) (considering an affidavit filed in response to a motion to remand which clarified the citizenship of a

defendant limited liability company).  In his Affidavit submitted in response to Plaintiff's Motion [5], Jason Ward explains that the sole member of TJWIII, LLC, is Acadian Village Apartments, LLC ("Acadian").  Aff. of Jason Ward ¶ 9 [10-1].  Acadian's members are T. Jerard Ward, Jason S. Ward, and Elizabeth A. Ward, each of whom are citizens of the State of Louisiana.  *Id.*  Plaintiff has submitted no argument or evidence to the contrary.  Therefore, Plaintiff's Motion [5] should be denied to the extent Plaintiff seeks remand on the basis that TJWIII, LLC's citizenship is not diverse.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Ernest Louis Stoltz's Motion to Remand [5] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 31st day of October, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE